8468

KRAMER v. GREENVILLE, SPARTANBURG & ANDERSON RAILWAY COMPANY.

1. WILFULNESS—PUNITIVE DAMAGES.—That a motorman ran a car faster than prohibited by city ordinance will support punitive damages.

2. CHARGE—CARRIER—ENGINEER.—In this case a request that an engineer of a railroad is not required to be such an expert in psychology as to be able to read the mind of a traveler approaching a highway crossing as to be able to foretell that he will not use common prudence in getting off the track, does not apply.

3. EXCEPTIONS not argued are deemed abandoned.

Before MEMMINGER, J., Anderson.   Affirmed.

Two actions tried together—B. F. Kramer against Greenville, Spartanburg and Anderson Railway Company, and B. F. Kramer and wife against same defendant. Defendant appeals in both cases.

*Messrs. Haynesworth & Haynesworth* and *Quattlebaum & Cochran,* for appellant. *Messrs. Haynesworth & Haynesworth* cite: *Facts here present a case for simple negligence:* 99 S. W. 763.

*Messrs. Paget & Watkins,* contra, cite: *There was a conscious violation of plaintiff's rights:* 61 S. C. 556; 90 S. C. 308; 92 S. C. 72, 170; 88 S. C. 7. *It is not a charge on*

*the facts to read an extract from another case and to instruct*
*the jury the facts there are applicable to the case being tried:*
*71 S. C. 187; 78 S. C. 513; 58 S. C. 373. As to a reckless*
*disregard of another's rights: 88 S. C. 14; 92 S. C. 76.*

March 17, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. These two actions were tried on
Circuit and in this Court together, and were actions for
damages. The complaints allege both a negligent and wilful
injury and demand actual and punitive damages. The
defendant moved for a nonsuit and a direction of a verdict
as to wilfulness and its consequent punitive damages, which
was refused.

From this refusal and from a request to charge, which
was also refused, the defendant appeals and seeks a reversal
of the judgment.

The complaints allege, among other things, that the plain-
tiffs were riding together in a buggy on the streets of Ander-
son and while attempting to cross defendant's track at a pub-
lic crossing, the horse which they were driving "balked"
while the buggy was on the track of the defendant. That
they used every effort to get the horse off of the track, but
that before they succeeded in getting the horse away from
this position on the track, the car of the defendant ran upon
them and injured them and broke the buggy. That they
were in plain view of those in charge of the car in ample
time to allow them to stop, if they had been running at a
reasonable rate of speed. That the ordinances of the city
of Anderson forbade the cars to run at a rate exceeding
twelve miles an hour in the city, but that the car which
struck plaintiff's buggy was running at a rate far exceeding
twelve miles an hour. That the injury was caused by the
running of the cars in negligent, wilful and reckless disre-
gard of the ordinances of the city. The motorman esti-
mated the rate of speed at ten or twelve miles an hour. One

of the defendant's witnesses estimated the rate of speed at about fifteen miles an hour and the plaintiff, B. F. Kramer, at a grater rate still. There was no denial of the ordinance.

1. At what rate of speed was the car running? This was a question for the jury. If the jury came to the conclusion that the car was running at an unlawful rate, and that the proximate cause of the injury was that by reason of the unlawful rate the motorman could not stop in time to prevent the injury, then the jury might find punitive damages, unless there was evidence that from some unavoidable cause he had lost control of the car. There was no suggestion of this sort in the case.

Did those in charge of the car intend to run at a greater speed than twelve miles and hour? That was a question for the jury, and, if the jury came to the conclusion that the proximate cause of the injury was an intentional violation of law, then punitive damages would follow.

In the *State* v. *McIntosh,* 39 S. C. 97, 17 S. E. 446, this Court approved a charge in which the Circuit Judge charged the jury, "Malice is the deliberate and well formed purpose to do the unlawful act."

The exceptions that complain of error in refusing a nonsuit and the direction of a verdict are overruled.

2. The only other question argued in this Court is as follows: "The Judge declined to charge the following proposition: 'The Courts do not require that the engineer of a railroad shall be such an expert in psychology as to be able to read the mind of a traveler approaching a railway crossing, or to be able to foretell that he will not exercise common, ordinary precautions for his own safety.' "

This exception must be overruled. It was not pertinent to any issue in the case. Engineers are not required to be expert mind readers, but there is nothing in the case to show, nor has it been suggested in argument, that the

powers of an expert were required. There is no question but that the plaintiffs earnestly desired, and were using all the means they could think of, to get away from the track and out of harm's way.

The remaining exceptions, being omitted from the argument, are deemed abandoned.

The judgment of this Court is that the judgment appealed from is affirmed.

MESSRS. JUSTICES WOODS and HYDRICK *concur in the result.*